IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAWNEE LEASING CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 24-cv-00751 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| MR. MUNCHIES FOOD LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Defendants Hargurvinder Toor and Manjeet Bhattal are the two members of Defendant Mr. Munchies Food LLC ("Mr. Munchies"), a limited liability company they formed for the purpose of opening a fast-food restaurant. In connection with opening that restaurant, Mr. Munchies entered into an agreement with Plaintiff Pawnee Leasing Corporation ("Pawnee") to lease necessary restaurant equipment ("Lease Agreement"), with both Toor and Bhattal listed as guarantors of Mr. Munchies's obligations. Defendants quickly defaulted on the Lease Agreement and the associated guaranty, and therefore Pawnee brought the present action for breach of contract. Pawnee now moves for summary judgment on its claims against all three Defendants. (Dkt. No. 53.) For the reasons that follow, Pawnee's motion is granted in part and denied in part.

### BACKGROUND

The following facts are undisputed unless otherwise noted.[1]

---

[1] In their respective responses to the factual statements in Pawnee's Local Rule 56.1 statement of facts in support of its motion for summary judgment, Defendants denied certain factual statements without pointing to evidence in the record controverting the particular statement. Under the Northern District of Illinois's Local Rule 56.1(e)(3), "[t]o dispute an asserted fact, a party must cite specific evidentiary material that controverts the fact and must concisely explain how the cited material controverts the asserted fact." Where Defendants deny one of Pawnee's factual statements without further explanation or evidentiary support, the Court deems that fact admitted. *Id.* ("Asserted facts may be deemed admitted if not controverted with specific citations to evidentiary material.").

In June 2023, Toor and Bhattal formed Mr. Munchies as they worked to open a fast-food restaurant by the same name. (Defs. Mr. Munchies and Bhattal's Resp. to Pl.'s Statement of Facts ("DRPSF") ¶ 2, 7, Dkt. No. 63-4; Def. Toor's Resp. to Pl.'s Statement of Facts ("Toor's RPSF") ¶ 2, 7, Dkt. No. 60.) After their first application for financing for restaurant equipment was rejected, Defendants submitted a credit application to Pawnee through a third-party broker. (DRPSF ¶¶ 9–10; Toor's RPSF ¶¶ 9–10.) That application listed Toor and Bhattal as the individuals who would serve as guarantors for the transaction. (DRPSF ¶ 10; Toor's RPSF ¶ 10.) Defendants' application was conditionally approved on July 19, 2023, and the conditional approval form listed Mr. Munchies as the lessee and both Toor and Bhattal as personal guarantors of the transaction. (DRPSF ¶ 11; Toor's RPSF ¶ 11.)

Pawnee and Mr. Munchies entered into the Lease Agreement on August 4, 2023. (DRPSF ¶ 12; Toor's RPSF ¶ 12.) Under the Lease Agreement, Pawnee agreed to lease certain restaurant equipment to Mr. Munchies in exchange for twenty-two monthly payments of $3,668.26. (DRPSF ¶¶ 12–13; Toor's RPSF ¶¶ 12–13.) Within the Lease Agreement itself was a section setting forth a guaranty agreement ("Guaranty"). (Pl.'s Statement of Facts, Ex. 3 to Ex. A, Lease Agreement at PAWNEE 0032, Dkt. No. 55-1.) The Guaranty expressly provided that Pawnee would not have entered into the Lease Agreement without the undersigned guarantors' promise to "unconditionally guaranty the full and prompt payment and performance of all of [Mr. Munchies'] obligations." (DRPSF ¶¶ 14, 20; Toor's RPSF ¶¶ 14, 20.) Although both Toor and Bhattal deny signing the Guaranty, the Guaranty lists each of them as a guarantor with their electronic signature appearing on a line immediately below. (DRPSF ¶ 20; Toor's RPSF ¶ 14; Lease Agreement at PAWNEE 0032.) Both Toor's and Bhattal's electronic signatures were provided using DocuSign Inc. ("DocuSign"), which is a system that enables parties to securely

exchange and execute contracts electronically. (DRPSF ¶¶ 15–16, 21; Toor's RPSF ¶¶ 15–16, 21.)

Ultimately, Defendants received delivery of most of the equipment financed by Pawnee. (DRPSF ¶ 26; Toor's RPSF ¶ 26.) Yet Mr. Munchies never made any payments to Pawnee as it was obligated to do under the Lease Agreement. (DRPSF ¶ 30; Toor's RPSF ¶ 30.) Likewise, neither Toor nor Bhattal made any payments to Pawnee pursuant to the Guaranty. (DRPSF ¶ 31; Toor's RPSF ¶ 31.) As a result of Defendants' failure to make timely payments on their obligations, Pawnee claims they are in default of both the Lease Agreement and the Guaranty, and it is entitled to recoup from Defendants the remaining balance owed under those contracts. (DRPSF ¶¶ 32–33; Toor's RPSF ¶¶ 32–33.)

## DISCUSSION

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate if the admissible evidence considered as a whole shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law, even after all reasonable inferences are drawn in the non-movant's favor. *Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 517 (7th Cir. 2011). Pawnee seeks summary judgment on all three of its breach of contract claims.

### I. Breach of Lease Agreement by Mr. Munchies

The Court begins with Pawnee's claim against Mr. Munchies for breach of the Lease Agreement, which is Count I of the Complaint. Because the Lease Agreement expressly provides that it is governed by Colorado law, that is the law the Court applies here. (Lease Agreement at PAWNEE 0034); *e.g.*, *US Dealer License, LLC v. US Dealer Licensing LLC*, No. 19 C 3471, 2019 WL 7049927, at *3 (N.D. Ill. Dec. 23, 2019) ("As a federal court sitting in diversity, the Court applies the choice-of-law rules of the forum state (here, Illinois) to determine which state's

3

substantive law applies. Illinois courts generally enforce contractual choice-of-law provisions."). To prove a breach-of-contract claim in Colorado, a plaintiff must establish: "(1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff." *W. Distributing Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992) (citations omitted).

      Here, Defendants concede that the Lease Agreement is a valid and enforceable contract and that Mr. Munchies made none of the payments required under its terms. Nonetheless, they contend there is a genuine dispute of fact as to whether Pawnee sufficiently performed its obligations under the Lease Agreement. Specifically, Defendants note that Pawnee failed to timely deliver two critical pieces of equipment as required under the Lease Agreement. However, the Court finds that failure to timely deliver certain equipment listed in the Lease Agreement would create no question of fact regarding Pawnee's performance because Defendants agreed to begin paying Pawnee for all the leased equipment in advance of delivery. Mr. Munchies executed a Pre-Delivery and Installation Acknowledgment confirming that Mr. Munchies had "accepted the financed equipment in advance, prior to its delivery [and] approve[d] [Pawnee] to pay the prefund amounts for the equipment to the vendor(s) listed below on [Mr. Munchies'] behalf and [Mr. Munchies] agree[d] to begin the Lease Agreement upon satisfactory completion of this Pre-Delivery and Installment Agreement." (DRPSF ¶ 26; Toor's RPSF ¶ 26.) In addition, Mr. Munchies executed an addendum to the Lease Agreement that provided as follows:

> In lieu of the delivery of any portion or all of the leased equipment referred to above ("Equipment"), [Mr. Munchies] hereby agrees to assume full responsibility for the delivery and installation of the Equipment. [Mr. Munchies] requests that [Pawnee] accept the Lease and pay the above vendor . . . based upon [Mr. Munchies's] complete satisfaction of the Equipment as it is now. [Mr. Munchies]

4

>also agrees that the Equipment is irrevocably accepted for all purposes under the Lease.

(DRPSF ¶ 27; Toor's RPSF ¶ 27.)

By the plain language of both the acknowledgment and the addendum, Mr. Munchies accepted the leased equipment in advance, at which point it became obligated to begin making payment to Pawnee as required under the Lease Agreement. That the third-party equipment vendor failed to timely deliver all the equipment does not show that Pawnee did not substantially perform. Rather, Pawnee's performance was simply to pay the vendor in full and, in so doing, the delivery itself became Mr. Munchies's responsibility. In short, Mr. Munchies cannot use the vendor's incomplete delivery as an excuse for not paying Pawnee. And because Defendants do not dispute that Pawnee has established the remaining elements of its breach-of-contract claim against Mr. Munchies, the Court grants Pawnee summary judgment as to that claim.

## II. Guaranty

While Pawnee has come forward with evidence showing that both Bhattal and Toor signed the Guaranty, Bhattal and Toor each now assert that there is a genuine dispute of fact as to the authenticity of their respective signatures. The Court considers each of Bhattal and Toor's contentions in turn.[2]

---

[2] Unlike the Lease Agreement, the Guaranty contains no choice-of-law provision. And though the Guaranty appears within the Lease Agreement itself, the Guaranty expressly incorporates certain of the Lease Agreement's provisions but makes no mention of the choice-of-law provision. (*See* Lease Agreement at PAWNEE 0032 ("YOU AGREE THAT THE AGREEMENTS REGARDING JURISDICTION, VENUE, SERVICE OF PROCESS AND INTENT TO TRANSACT ELECTRONICALLY CONTAINED IN THE [Lease Agreement] APPLY TO THIS GUARANTY.").) Because the parties' arguments as to the breach of Guaranty claims do not hinge on any contested question of state law, the Court considers those claims under Illinois law. *E.g.*, *Brown v. Cont'l Cas. Co.*, 591 F. Supp. 3d 340, 347 (N.D. Ill. 2022) ("An Illinois court engages in a choice of law analysis only if there exists a conflict between forum law and the law of another State such that the conflict is outcome-determinative. If there is no outcome-determinative conflict, the Court applies the forum law.").

A.    Toor

Despite the fact that his name and signature appear multiple times in the Lease Agreement and its addenda, Toor squarely denies signing the Guaranty. To support his denial, Toor submits an affidavit in which he states that he "did not sign the . . . Guaranty electronically, via DocuSign or any other method, nor did [he] sign it physically." (Toor Aff. ¶ 2, Dkt. No. 59-1; *see also* Pl.'s Resp. to Toor's Statement of Additional Facts ("Pl.'s Resp. to Toor's SAF") ¶ 1, Dkt. No. 65.) As further proof of the signature's inauthenticity, Toor notes that the DocuSign certificate of completion associates his signature with a T-Mobile IP address even though he has never used T-Mobile as a phone or internet service provider. (Pl.'s Resp. to Toor's SAF ¶¶ 5–7.)

Pawnee argues that Toor's affidavit does not suffice to create a genuine dispute of fact in the face of the overwhelming proof of his signature's authenticity. It first invokes the "sham-affidavit rule" under which a district court may disregard "an affidavit that contradicts the party's prior deposition or other sworn testimony." *James v. Hale*, 959 F.3d 307, 316 (7th Cir. 2020). But the Seventh Circuit has cautioned that the rule "must be applied with great care" and should only operate to exclude an affidavit "where the witness has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact." *Castro v. DeVry Univ., Inc.*, 786 F.3d 559, 571–72 (7th Cir. 2015) (internal quotation marks omitted). The Court finds that Toor's affidavit cannot be disregarded as a sham. Pawnee points to no prior sworn statement from Toor in which he unequivocally affirms as genuine the electronic signature on the Guaranty. On the contrary, Toor has, throughout this litigation, maintained that he never signed the Guaranty and asserted that as an affirmative defense.[3]  (*E.g.*, Toor's Answer ¶ 9, Affirmative Defense ¶ 1, Dkt. No. 13.)

---

[3] As Pawnee highlights, Toor's electronic signature was used to execute the Lease Agreement on behalf of Mr. Munchies using apparently the same DocuSign signature as the Guaranty, which itself appears

Relatedly, Pawnee argues that Toor's affidavit must be disregarded because it is self-serving and not supported by any other evidence in the record. However, Pawnee's attempt to denigrate Toor's affidavit as self-serving relies on Seventh Circuit caselaw that has been overruled. *Hill v. Tangherlini*, 724 F.3d 965, 967 n.1 (7th Cir. 2013) ("[T]oday we make clear that the following cases are overruled to the extent that they suggest a plaintiff may not rely on 'self-serving' evidence to create a material factual dispute."). Even before the Seventh Circuit explicitly overruled the old case law regarding self-serving affidavits, it had repeatedly emphasized that where "the evidence meets the usual requirements for evidence presented on summary judgment . . . a self-serving affidavit is an acceptable method for a non-moving party to present evidence of disputed material facts." *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003). Thus, Toor's affidavit denying the authenticity of his signature on the Guaranty is, by itself, competent evidence that the Court must consider for purposes of summary judgment.

Finally, Pawnee asserts that Toor's electronic signature should be treated like a notarized signature and be afforded the presumption of genuineness given the security procedures afforded by DocuSign. In Illinois, "a notary public's certificate of acknowledgment, regular on its face, carries a strong presumption of validity" that can only be rebutted "by clear and convincing evidence from a disinterested witness" that the signature is false. *Ashland Ave. Invs., LLC v. Marquette Nat'l Bank*, No. 14 C 07745, 2016 WL 9782006, at *3 (N.D. Ill. Apr. 29, 2016) (quoting *Butler v. Encyclopedia Brittanica, Inc.*, 41 F.3d 285, 294 (7th Cir. 1994)). Pawnee

---

within the Lease Agreement. (Lease Agreement at PAWNEE 0032.) It is curious that Toor does not challenge the Lease Agreement's enforceability even as he denies responsibility for the same electronic signature when used to execute the Guaranty. Nonetheless, the Court notes that Toor has never admitted to signing the Lease Agreement on behalf of Mr. Munchies. (*E.g.*, Toor's RPSF ¶ 17.) So while there is no contradiction in Toor's decision not to challenge separately the authenticity of his signature as used to execute the Lease Agreement, that argument has been waived as a ground to preclude summary judgment on Pawnee's claim for breach of the Lease Agreement.

argues that Toor's signature on the Guaranty is entitled to a similar presumption of validity because DocuSign required the signer to take certain steps to verify their identity. Among other things, before executing the Guaranty, the signer had to enter an access code and then answer several questions meant to verify that it was, in fact, Toor signing the agreement. (Toor's RSPF ¶ 17.)

According to Pawnee, DocuSign's identity verification measures perform a similar function to that of a notary public, such that Toor should face a heightened burden of proof in contesting the validity of his signature on the Guaranty. The Court disagrees. In attesting to the authenticity of signatures, a notary public is vested with the authority of the state such that their "act of notarization tends to prove the authenticity of the witnesses' signatures." *In re Est. of Alfaro*, 703 N.E.2d 620, 627 (Ill. App. Ct. 1998). Further, when "the notary public gives his or her personal seal and signature when completing a notarial act . . . he or she assumes personal liability for the accuracy of his or her notarization." *Vancura v. Katris*, 939 N.E.2d 328, 345 (Ill. 2010). Thus, it is the special character of the notary public that provides the basis for affording a presumption of validity to a notary's certificate. *See Koepke v. Schumacher*, 92 N.E.2d 152, 155 (Ill. 1950) ("The reason for such strictness is that should the law allow the unsupported testimony of an interested witness, who conceives that a very material gain is within his grasp, to offset and destroy the deliberate act of certification under oath by one created by law to certify instruments of conveyance, it would shock the moral sense of the community, deny justice, and create chaos in land titles."). Pawnee points to no caselaw from Illinois or elsewhere applying a similar presumption of a signature's validity outside of the notary-public context.

Certainly, DocuSign's identity verification measures constitute evidence that tends to support the authenticity of Toor's electronic signatures on the Guaranty. Still, Toor does not face

a heightened burden of proof in refuting that evidence. And, for purposes of summary judgment, Toor's sworn statement that he never signed the Guaranty creates an issue of fact as to the validity of his signature. To reject Toor's statement simply "because it is unsubstantiated and self-serving is to weigh the strength of the evidence or make credibility determinations—tasks belonging to the trier of fact." *United States v. Funds in the Amount of $100,120*, 730 F.3d 711, 717 (7th Cir. 2013). Because Toor has shown a genuine issue of fact as to whether he signed[4] the Guaranty, Pawnee's motion for summary judgment on the breach-of-contract claim against Toor in Count II is denied.

### B. Bhattal

Unlike Toor, Bhattal does not offer evidence by which he unequivocally denies signing the Guaranty. To be sure, Bhattal has submitted an affidavit that he represents as his denial, but the statements contained in that affidavit are evasive with respect to the dispositive issue of whether Bhattal signed the Guaranty. For example, Bhattal states that he "never was required to sign the . . . Guaranty" and "Pawnee only requested . . . Toor to sign it," but those statements do not amount to an outright disavowal of his signature on the Guaranty. (Mr. Munchies and Bhattal's Aff. ¶ 2, Dkt. No. 63-2.) The same goes for Bhattal's statement that the DocuSign signature on the Guaranty was different from the DocuSign signature he regularly uses. (*Id.* ¶ 3.)

---

[4] The Court emphasizes that the only issue before it on summary judgment is whether Toor assented to the Guaranty through his signature and expresses no opinion as to whether that Toor may have assented to the Guaranty in some other way or subsequently ratified it. *See, e.g.*, *Caparelli-Ruff v. Bd. of Educ. Of E. Aurora Sch. Dist. 131*, No. 22 cv 5567, 2025 WL 1141181, at *12 (N.D. Ill. Apr. 16, 2025) ("Generally speaking, a signature is a manifestation of assent to a contract, though a court may still enforce a contract in the absence of a signature if there are other indications of assent." (internal quotation marks omitted)); *Sphere Drake Ins. Ltd. v. All Am. Life Ins. Co.*, 300 F. Supp. 2d 606, (N.D. Ill. 2003) ("Where an agent acts without authority in entering a contract on the principal's behalf, the contract may still be ratified by the principal.").

At best, Bhattal's affidavit casts doubt on the authenticity of his electronic signature but avoids directly controverting it. With Bhattal's affidavit being the sole evidence he offers to dispute the validity of his signature on the Guaranty, its statements falling short of an explicit denial do not suffice to create a genuine dispute of fact. *See, e.g.*, *Barrows v. Brinker Rest. Corp.*, 36 F.4th 45, 51 (2d Cir. 2022) ("Where a party merely states that she cannot ***recall*** signing an agreement (as opposed to ***denying*** she has done so), such a declaration ordinarily fails to create a triable issue of fact."); *Boykin v. Fam. Dollar Stores of Mich., LLC*, 3 F.4th 832, 840 (6th Cir. 2021) ("[A]n ***unequivocal denial*** that takes the form of admissible evidence can create a genuine dispute of fact." (emphasis added) (internal quotation marks omitted)); *cf. Gupta v. Morgan Stanley Smith Barney, LLC*, No. 17 C 8375, 2018 WL 2130434, at *2 (N.D. Ill. May 9, 2018) ("[W]hen the plaintiff submits an affidavit stating that he does not recall receiving a letter, there is no triable factual dispute, but when the plaintiff submits an affidavit in which he denies receiving a letter, a triable dispute exists."). Against Bhattal's equivocations is Pawnee's evidence of not only his electronic signature on the Guaranty but also the evidence of DocuSign's identity verification measures, which provide additional confidence that Bhattal's electronic signature is properly attributable to him. *See, e.g.*, *Brickan v. Fed. Sav. Bank*, No. SACV 22-01053-CJC(KESx), 2024 WL 3005921, at *4 (C.D. Cal. May 10, 2024) ("Courts frequently approve of and find authentic electronic signatures when it is shown that security features sufficiently demonstrate that the signature is attributable to the person the proponent claims signed the document."). Consequently, the Court concludes that no genuine dispute of material fact exists as to the genuineness of Bhattal's signature and grants summary judgment in Pawnee's favor as to Count III against Bhattal for breach of the Guaranty.

## CONCLUSION

For the foregoing reasons, Pawnee's motion for summary judgment (Dkt. No. 53) is granted in part and denied in part. The motion is granted as to the claims against Mr. Munchies and Bhattal in Counts I and III. Summary judgment is granted to Pawnee on those counts. The motion is denied as to Count II against Toor.

ENTERED:

Dated: July 8, 2025

_____
Andrea R. Wood
United States District Judge